MARÍA TERESA DELGADO ACOSTA y su esposo JUAN RODRÍGUEZ, y HAYDÉE DELGADO ACOSTA y su esposo LUIS M. VELA, demandantes y apelantes, *v.* BANCO POPULAR DE PUERTO RICO, en su carácter de liquidador del Banco Territorial y Agrícola de Puerto Rico; GLORIA P. DE GONZÁLEZ y su esposo EDUARDO G. GONZÁLEZ, y ROSA EMILIA BENEJAN, demandados y apelados.

Núm. 7828.—*Sometido:* Mayo 25, 1939. *Resuelto:* Enero 25, 1940.

*Gustavo Benítez Gautier* y *Jorge Benítez Gautier,* abogados de los apelantes; *Monserrate, de la Haba & Monserrate* y *Rafael Baragaño, Jr. (José* y *Rafael Ramírez Santibáñez,* en el alegato y en la vista), abogados de los apelados.

El Juez Asociado Señor Travieso emitió la opinión del tribunal.

Las demandantes María Teresa y Haydée Delgado y Acosta alegan como primera causa de acción que eran dueñas, respectivamente, de las casas números 39 y 41 de la calle "Américo Salas," en Santurce, las que hipotecaron a favor del Banco Territorial y Agrícola de Puerto Rico en garantía de un préstamo de $11,000; que el Banco Popular, como Liquidador del Banco Territorial y Agrícola, radicó ante la Corte de Distrito de San Juan, el 6 de mayo de 1937, un escrito inicial para la ejecución del referido crédito hipotecario; y que en virtud de dicho procedimiento las dos fincas de las demandantes fueron vendidas en pública subasta y adjudicadas, la núm. 39 a la demandada Gloria P. de González y la núm. 41 a la demandada Rosa Emilia Benejan, por el precio de $4,300 cada una.

Como causas de nulidad del procedimiento sumario seguido por el banco ejecutante, se alega:

1. Que en el escrito inicial no se alegaron expresamente las sumas ciertas cobradas y pagadas al Banco acreedor con cargo al principal o por concepto de intereses.

2. Que en dicho escrito inicial se alegó que la finca "B" (núm. 41) respondía de $5,550, mientras que en la escritura de hipoteca se fijó la responsabilidad de dicha finca en $5,500.

3. Que el pagaré que el Banco acompañó a su escrito inicial no es el pagaré a que se refiere la escritura al mismo anexa, siendo distintos los términos de uno y otro documentos; y que el pagaré presentado por el Banco no podía ser utilizado en un procedimiento ejecutivo de carácter sumario.

4. Que en el apartado 2 del escrito inicial se dice que los deudores otorgaron a favor del Banco un pagaré por $10,000 con intereses al 9 por ciento anual y al 12 por ciento anual en caso de mora; que de ser cierta dicha alegación, la escritura de hipoteca sería nula y sin valor legal; y que el pagaré suscrito por las demandantes fué cedido por el Banco a don Manuel González y Martínez.

En una segunda causa de acción las demandantes reclaman derecho de hogar seguro sobre las fincas ejecutadas y

alegan la nulidad de la subasta, porque habiendo ésta producido más de $500 por cada finca el márshal entregó la totalidad del producto de la venta al acreedor hipotecario, sin que se haya pagado a los demandantes el valor de sus derechos de hogar seguro.

Pidieron permiso los demandantes para radicar una demanda complementaria en la que alegaban que han sido lanzados ilegalmente de las casas ejecutadas y piden que se condene a los demandados al pago de las sumas gastadas por los demandantes por concepto de arrendamiento de las casas que se han visto obligados a alquilar.

Los demandados excepcionaron la demanda por ser insuficientes sus alegaciones para constituir una causa de acción y solicitaron la eliminación de ciertas alegaciones de la demanda. La corte inferior declaró con lugar la excepción previa de falta de causa de acción y ordenó la eliminación de las alegaciones hechas en los párrafos 13 y 15 de la demanda. Dictada sentencia a petición de los demandantes, apelaron éstos, señalando como errores de la corte inferior el haber ordenado la eliminación de los apartados 13 y 15 de la demanda; haber declarado con lugar la excepción de insuficiencia de los hechos alegados; y por último, el haber negado el permiso para radicar la demanda complementaria.

■ Después de alegar que el pagaré presentado con el escrito inicial no es el mismo a que se hace referencia en la escritura de hipoteca y está redactado en términos distintos a los especificados en la escritura, los demandantes alegaron:

"13. Que aun suponiendo que el citado pagaré fuese el firmado por los deudores hipotecarios por consecuencia de la escritura de hipoteca, el mismo no podía ser utilizado en un procedimiento ejecutivo hipotecario de carácter sumario como el seguido por el Banco Popular de Puerto Rico en su carácter de liquidador del Banco Territorial y Agrícola de Puerto Rico."

Después de alegar que en el escrito inicial se dice que los allí demandados firmaron un pagaré por $10,000, con *intereses*

*al 9 por ciento anual* y al 12 por ciento en caso de mora, continuaron alegando los demandantes:

"15. Que de aceptarse como cierta dicha alegación, la escritura de hipoteca núm. 95 de 23 de noviembre de 1928 ante el notario don Juan de Guzmán Benítez, necesariamente resultaría nula y sin ningún valor legal."

Los párrafos que acabamos de transcribir son puramente argumentativos. No contienen una relación de los hechos en que se basan los demandantes para llegar a la conclusión de derecho de que el pagaré y la escritura de hipoteca son nulos. No erró la corte inferior al ordenar su eliminación.

██ Consideraremos ahora la suficiencia de los hechos alegados para que podamos determinar si ellos establecen causas de nulidad.

Convenimos con la corte sentenciadora en que la alegación de que "en el escrito inicial no se alegaron expresamente las sumas ciertas cobradas y pagadas al Banco acreedor, con cargo al principal o por concepto de intereses" no es suficiente para establecer una causa de nulidad del procedimiento. El propósito que persigue el artículo 169 del Reglamento para la ejecución de la Ley Hipotecaria, al exigir que se señalen las cantidades ciertas cobradas por capital o intereses es informar al deudor con exactitud el importe de las obligaciones vencidas y no satisfechas, tanto a cuenta de capital como a cuenta de intereses. Así lo resolvió esta Corte Suprema en *Salas* v. *Baquero,* 47 D.P.R. 108, 115. Ese propósito del citado artículo 169 del Reglamento queda cumplido cuando en el escrito inicial se hace constar la cantidad exacta adeudada por concepto de capital y por concepto de intereses. La demanda en el caso de autos no alega que el escrito inicial no contuviera tal información.

██ Las alegaciones contenidas en los párrafos 11, 12, 13 y 14 de la demanda, referentes a supuestas diferencias entre los términos del pagaré anexo al escrito inicial y el firmado por los deudores hipotecarios, son insuficientes para establecer una causa de nulidad. La demanda no contiene

alegación alguna en cuanto a los términos y condiciones de uno y otro pagaré, que permita al juzgador determinar las diferencias que puedan existir entre uno y otro documento y la importancia o efecto legal de tales diferencias, si las hubiere. La alegación que se hace en el párrafo 13, al efecto de que el pagaré que se acompañó al escrito inicial aun cuando fuese el firmado por los deudores hipotecarios no podía ser utilizado en un procedimiento sumario, es una conclusión de derecho que no aparece sostenida por hechos de los cuales pueda deducirse tal conclusión.

"Las conclusiones de derecho no son controvertibles, no son admitidas por una excepción previa, y no ayudan a una alegación (*pleading*) a menos que estén sostenidas por una relación de hechos de los cuales se derivan tales conclusiones." 1 Bancroft's Code Pleading 92.''

Hemos leído cuidadosamente la demanda y no encontramos en ella alegaciones de hechos de los cuales debamos inferir que el pagaré que se presentó con el escrito inicial—ya fuera el mismo que firmaron los deudores u otro distinto— no podía hacerse efectivo mediante un procedimiento sumario para la ejecución de la hipoteca que lo garantizaba.

Las alegaciones del párrafo 16 de la demanda no son por sí solas suficientes para constituir una causa de acción. Se alega simplemente que el Banco Territorial y Agrícola cedió al Tesorero de Puerto Rico el pagaré firmado por las demandantes y que el Tesorero lo cedió a don Manuel González, y aunque se dice que se acompañan a la demanda dos escrituras de 12 de agosto de 1932, otra de noviembre 29, 1935, una cédula de citación y una carta, las que se hacen formar parte de la demanda, del récord no aparece que dichos documentos hayan sido presentados con la demanda. No se alega que en la fecha de radicación del escrito inicial, mayo 6 de 1937, el Banco Territorial y Agrícola no fuese dueño del pagaré que estaba tratando de cobrar. Aceptando que en agosto de 1932 o en noviembre de 1935 don Manuel González fuera

dueño del pagaré, ese hecho no excluye la posibilidad de que en mayo de 1937 el Banco ejecutante hubiese readquirido dicho pagaré.

No erró la corte inferior al sostener la excepción previa de falta de causa de acción.

Tampoco erró el juez sentenciador al denegar el permiso para radicar la demanda complementaria. El demandante triunfante en una acción de nulidad de procedimiento sumario hipotecario sólo puede recobrar la propiedad vendida, más el importe de las rentas percibidas o podidas percibir por el acreedor ejecutante. Si al demandante se le permitiese recobrar dichas rentas y además lo que se vió obligado a pagar por el arrendamiento de otra vivienda, en realidad se le estaría concediendo una doble indemnización.

*La sentencia recurrida debe ser confirmada.*

El Juez Asociado Sr. De Jesús no intervino.